**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| JONATHAN LOPEZ, | Case No.: 18cv397-MMA (BGS) |
| --- | --- |
| Plaintiff, | |
| v. | **ORDER CONSTRUING PLEADING AS PETITION FOR WRIT OF HABEAS CORPUS;** |
| UNITED STATES OF AMERICA, | |
| Defendant. | **GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;** |
| | [Doc. No. 2] |
| | **SUMMARILY DISMISSING PETITION** |
| | [Doc. No. 1] |

Plaintiff Jonathan Lopez, proceeding *pro se*, has filed a pleading styled as a motion to vacate, set aside, or correct his sentenced pursuant to 28 U.S.C. § 2255, challenging a sentence imposed on April 15, 2014 by the United States Marine Corps in a general court-martial proceeding. *See* Doc. No. 1. For the reasons set forth below, the Court construes Lopez's pleading as a petition for writ of habeas corpus pursuant to 28 U.S.C. §

1

2241, **GRANTS** Lopez's motion for leave to proceed *in forma pauperis* ("IFP"), and summarily **DISMISSES** his petition.

### DISCUSSION

Lopez was convicted of rape and assault consummated by a battery, in violation of Articles 120 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 928. *See United States v. Lopez*, No. NMCCA 201400289, 2016 CCA LEXIS 113, at *1 (N-M Ct. Crim. App. Feb. 29, 2016). Lopez was sentenced to a term of seven years' confinement, a reduction in pay grade, forfeiture of all pay and allowances, and a dishonorable discharge. *Id.* According to Lopez's pleading, he is currently confined at the Naval Consolidated Brig at Marine Corps Air Station ("MCAS") Miramar, San Diego, California.[1] Lopez has instituted the current proceeding challenging his conviction and sentence, alleging: (1) insufficiency of the evidence to support his convictions, particularly in light of the complaining witness's contradictory statements and trial testimony; (2) ineffective assistance of defense trial counsel; (4) legal error based on the exclusion of evidence under Military Rule of Evidence 412; and (5) failure to receive a fair trial and partial clemency due to political pressure and unlawful command influence. *See* Doc. No. 1.

Lopez has styled his pleading as a motion to vacate pursuant to Title 28, United States Code, section 2255. In pertinent part, the statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

---

[1] The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 2241(a), which states that "[w]rits of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions."

28 U.S.C. § 2255(a) (emphasis added). Because this Court did not impose the challenged sentence, Lopez may not seek relief in this Court under Section 2255. As one circuit court has explained:

> General courts-martial are ad hoc proceedings which dissolve after the purpose for which they were convened has been resolved. As a result, there is not a sentencing court in which a military prisoner may bring a § 2255 motion. Moreover, neither the Uniform Code of Military Justice nor the Manual for Courts-Martial provides for collateral review within the military courts.

*Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004) (internal citations omitted).

However, "military prisoners seeking to collaterally attack their convictions may do so" by filing a petition for writ of habeas corpus pursuant to Section 2241. *Ehlers v. United States*, No. 11cv882 BTM (POR), 2011 U.S. Dist. LEXIS 115428, at *3-4 (S.D. Cal. Oct. 6, 2011) (citing *Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011) ("[R]esort to § 2241 is the norm rather than the exception when a military prisoner seeks to challenge the results of his [court-martial]."); *Witham*, *supra*, 355 F.3d at 505 (same)). As such, the Court construes Plaintiff's pleading as a habeas petition brought pursuant to Section 2241.

Rather than pay the required $5.00 filing fee to institute this action, Lopez seeks leave of Court to proceed IFP. *See* Doc. No. 2. As such, he must supply "the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." *See* Rule 3(a), 28 U.S.C. foll. § 2254.[2] Lopez has not provided the required certificate. Nevertheless, in the interest of judicial efficiency, the Court **GRANTS** Lopez's request to proceed IFP based on his sworn

---

[2] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. *See* Rule 1(b) of the Rules Governing § 2254 Cases.

statement that he has been unable to procure a copy of the certificate, and is unable to pay the filing fee required to initiate this action.

Having determined that Lopez may proceed IFP, the Court must preliminarily review his petition. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4, 28 U.S.C. foll. § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

Here, Lopez's petition is subject to summary dismissal on several grounds. First, Lopez has sued the United States government. However, the proper respondent to a petition brought under Section 2241 is the person who has custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. §§ 2242 and 2243). This is generally the warden of the facility where the prisoner is being held – in this case, it would presumably be the commanding officer of the Brig at MCAS Miramar. *Id*. at 435.

While the Court would ordinarily permit amendment or substitution of the proper respondent, the petition is plainly subject to dismissal on substantive grounds. Although the Court generally has jurisdiction to review a petition challenging a military conviction, the scope of review of is very narrow. *See Burns v. Wilson*, 346 U.S. 137, 139 (1953). As relevant here, the Court's review is limited to only those claims raised in the military courts, but not given "full and fair consideration" by those courts. *Id*. at 142; *see also Broussard v. Patton*, 466 F.2d 816, 818 (9th Cir. 1972) (holding that "habeas corpus proceedings involving military convictions are limited to determining whether the court-martial had jurisdiction of the person accused and the offense charged and whether it acted within its lawful powers."); *Davis v. Marsh*, 876 F.2d 1446, 1449 (9th Cir. 1989) ("Military prisoners must exhaust military remedies before seeking relief in federal court.").

Lopez indicates in his petition that he has raised all of his claims in the military courts, either on direct appeal or in post-conviction proceedings. On direct appeal to the United States Navy-Marine Corps Court of Criminal Appeals, Lopez raised "three assignments of error (AOE): (1) That the military judge erred in excluding evidence

under Military Rule of Evidence 412, Manual for Courts-Martial, United States (2012 ed.); (2) That the evidence is legally and factually insufficient to support his convictions; and (3) That [his] trial defense counsel were ineffective." *Lopez*, *supra*, 2016 CCA LEXIS 113, at *2-3. In addition, the issue of the complaining witness's credibility was subsumed within the first assignment of error. Thus, the appellate court considered four of the five claims Lopez raises in his petition, and concluded "that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred." *Id.* On collateral review, this Court "may not retry the facts or reevaluate the evidence." *Calley v. Callaway*, 519 F.2d 184, 203 (5th Cir. 1975). Lopez's additional claim, regarding his purported failure to receive a fair trial and partial clemency due to political pressure and unlawful command influence, is not reviewable by this Court. Lopez concedes he did not raise the claim on direct appeal, and to the extent he may be currently pursuing post-conviction relief on this issue in the military courts, the claim is unexhausted. *Davis*, *supra*, 876 F.2d at 1449.

## CONCLUSION

Based on the foregoing, the Court summarily **DISMISSES** Lopez's petition for writ of habeas corpus without prejudice and without leave to amend. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus may be dismissed without leave to amend if "it appears that no tenable claim for relief can be pleaded were such leave granted."). The Clerk of Court is instructed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: February 27, 2018

_____
HON. MICHAEL M. ANELLO
United States District Judge